| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>THE FOX LAW CORPORATION, INC.<br>Steven R. Fox, SBN 138808<br>W. Sloan Youkstetter, SBN 296681<br>17835 Ventura Blvd., Suite 306<br>Encino, CA 91316<br>(818)774-3545; FAX (818)774-3707<br>srfox@foxlaw.com<br>syoukstetter@foxlaw.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for*: Fund Management International, LLC | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**OCT 28 2019**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY handy    DEPUTY CLERK<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*NORTHERN* DIVISION**

| In re:<br><br>Ho Soon Hwang Yang,<br><br><br><br>Debtor(s). | CASE NO.: 9:19-bk-11689-MB<br>CHAPTER: 13<br><br>**ORDER:**<br><br>☒ ~~**GRANTING APPLICATION AND SETTING HEARING ON SHORTENED NOTICE**~~<br><br>☒ **DENYING MOVANT'S SECOND APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE**<br>**[LBR 9075-1(b)]** |

**Movant** (*name*): Fund Management International, LLC

1. Movant filed the following motion together with supporting declarations and (if any) supporting documents:

    a. *Title of motion*: Notice of Motion and Motion for Relief from the Automatic Stay Under U.S.C. §362 (Action in Nonbankruptcy Forum)

    b. *Date of filing of motion:* October 16, 2019

2. Pursuant to LBR 9075-1(b), movant also filed an Application for Order Setting Hearing on Shortened Notice (Application) together with supporting declaration(s):

    *Date of filing of Application*: October 23, 2019

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*    Page 1    **F 9075-1.1.ORDER.SHORT.NOTICE**

3. Based upon the court's review of the application, it is ordered that:

On October 16, 2019, Movant filed its *Motion for Relief from Stay to Proceed in a Nonbankruptcy Forum* (the "RFS Motion") which expressly requests relief from stay to permit Movant's 2016 state court action (the "2016 State Court Action") pending in Superior Court to proceed to trial "through judgment and for all other purposes" and to permit the Order to Show Cause re Contempt "to go forward" in a pending state court action in which Movant is an intervenor (the "Rickley Action").  Case Dkt. 9 at 17.  The Order to Show Cause re Contempt refers to a motion filed by the court-appointed receiver (the "Receiver's Contempt Motion") in the Rickley Action.  In its RFS Motion, Movant prays for:

1. Relief under section 362(d)(4) of the Bankruptcy Code;
2. A determination that Movant holds a non-dischargeable debt against both the Debtor and her non-filing spouse and that the amount of the debt exceeds $8,000,000;
3. A determination that the Debtor filed this bankruptcy case in bad faith "and recklessness" and with harassing and improper purposes;
4. An award to Movant of $9,287.50 in attorneys' fees and $256 in costs;
5. A determination that the Debtor is a vexatious litigant;
6. Sanctions against the Debtor of not less than $25,000; and
7. Termination of the automatic stay prospectively and in rem.

By its *First Ex Parte Application for Order Shortening Time* filed on October 16, 2019, Movant requested a hearing on the Motion prior to October 30, 2019 to allow Movant to file a joinder to the Receiver's Contempt Motion by October 30, 2019.  By its order entered on October 18, 2019, the Court set the Motion for hearing on November 6, 2019, the first available hearing date for relief from stay motions in this division following the filing of the Motion.

By its *Second Ex Parte Application for Order Shortening Time* (the "Second Application"), Movant insists the Court must conduct a hearing on the Motion no later than October 29, 2019 to allow Movant to file a joinder to the Receiver's Contempt Motion by October 30, 2019.  Case Dkt. 18.  The LASC set a hearing on the Receiver's Contempt Motion for November 22, 2019.  The Receiver's reply deadline is November 15, 2019.  The Second Application also notes that the Debtor's opposition deadline is November 8, 2019.  In its Second Application, Movant argues that the LASC "may continue the hearing [on the Receiver's Contempt Motion] into 2020 if relief is not granted prior to the deadlines to file papers."  Case Dkt. 18 at 2.  This is the only potential harm identified by Movant if the Motion is heard on November 6, 2019 and no evidence is offered in support of this argument.  It is unclear why the LASC would move the November 22, 2019 hearing simply because Movant – an intervenor in the Rickley Action -- may be unable to timely file a joinder to another party's motion.  If the Motion is granted at the November 6, 2019 hearing, timely oppositions and replies can be

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                    Page 2                                    F 9075-1.1.ORDER.SHORT.NOTICE

filed in the Rickley Action on November 8, 2019 and November 15, 2019, respectively, and the hearing on November 22, 2019 may proceed. The mere possibility of a delay on the Receiver's Motion for Contempt is insufficient cause to further shorten time on the Motion, especially given the expansive relief requested by Movant in its Motion.

For the foregoing reasons, the Court DENIES the Second Application. The Court will conduct a hearing on the Motion on November 6, 2019 as indicated in the Court's order on the First Application entered on October 18, 2019.

###

Date: October 28, 2019

Martin R Barash
United States Bankruptcy Judge

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*          Page 3          F 9075-1.1.ORDER.SHORT.NOTICE